IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

     Plaintiff,                 No. CIV S-11-678 KJM CMK (TEMP) PS

     vs.

CITY OF ELK GROVE, et al.,

     Defendants.        ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). On July 6, 2011, plaintiff filed an amended complaint against the Elk Grove Police Department and various Elk Grove Police officers. On July 21, 2011, plaintiff filed another amended complaint, this time alleging claims against the Sacramento Police Department and Sacramento Police officers. The incidents giving rise to the different amended complaints are unrelated.

        Plaintiff requests all documents she submits in connection with the amended complaints be sealed. Plaintiff has not shown good cause for the sealing of the documents and the request will be denied. See Local Rule 141.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Because plaintiff is attempting to litigate all of her complaints against police officers in the Sacramento region, her complaints at this point are confusing, at best. It appears that plaintiff has had various encounters with police personnel, all of which have caused plaintiff great dissatisfaction. That dissatisfaction, however, does not necessarily a constitutional claim make.

Plaintiff is advised that the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

1  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
2  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
3  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
4  Cir. 1982).
5  　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
7  amended complaint be complete in itself without reference to any prior pleading.  This is
8  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
9  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
10 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
11 original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.
13 　　　　　Plaintiff attempts to bring unrelated claims in one action.  In any amended
14 complaint, plaintiff may allege claims arising only out of the incident involving the Elk Grove
15 Police Officers.  If plaintiff wishes to proceed in an action against Sacramento Police Officers,
16 she must initiate a new action.
17 　　　　　In accordance with the above, IT IS HEREBY ORDERED that:
18 　　　　　1.  Plaintiff's request to seal documents is denied.  Absent further order of the
19 court, the Clerk shall file all documents submitted by plaintiff regardless of whether plaintiff
20 makes a request to seal documents.  The Clerk of Court is directed to file all documents
21 submitted by plaintiff on July 6 and July 21, 2011.
22 　　　　　2.  Plaintiff's amended complaints are dismissed;
23 　　　　　3.  Plaintiff is granted thirty days from the date of service of this order to file a
24 second amended complaint that complies with the requirements of the Federal Rules of Civil
25 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
26 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file

1  an original and two copies of the second amended complaint; failure to file a second amended
2  complaint in accordance with this order will result in a recommendation that this action be
3  dismissed.

   DATED: July 22, 2011

   /s/ Craig M. Kellison
   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

11  JMM
    alston.ifp-lta