1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CD ALSTON,

11              Plaintiff,              No. CIV S-11-0678 KJM CKD PS

12        vs.

13   CITY OF ELK GROVE, et al.,

14              Defendants.            ORDER

15   _____/

16        Plaintiff is proceeding in this action pro se and in forma pauperis.  This

17   proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21).  On August 5, 2011, plaintiff

18   filed a second amended complaint ("SAC") against the City of Elk Grove and various City of Elk

19   Grove police officers.  (Dkt. No. 20.)

20        The federal in forma pauperis statute authorizes federal courts to dismiss a case if

21   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

22   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

25   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1   490 U.S. at 327.

2        To avoid dismissal for failure to state a claim, a complaint must contain more than

3   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

4   cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

7   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

8   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

9   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

10  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

11  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

12  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

13  Rhodes, 416 U.S. 232, 236 (1974).

14       The court twice previously cautioned plaintiff that the allegations in her complaint

15  were so vague and conclusory that it was unable to determine whether the current action is

16  frivolous or fails to state a claim for relief.  The court also noted that the complaint does not

17  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

18  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

19  the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

20  Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

21  defendants engaged in that support plaintiff's claim.  Id.  Instead of making a good faith attempt

22  to cure the deficiencies outlined in the court's previous orders, plaintiff essentially re-filed, with

23  minimal changes, the previously dismissed first amended complaint as her second amended

24  complaint.[1]  Plaintiff is cautioned that any further failure to follow this court's orders will result

25  _____

26       [1]  Both the first amended complaint (dkt. no. 12) and the second amended complaint (dkt. no. 20) contain exactly 33 pages and 283 paragraphs.

1    in a recommendation that this action be dismissed.  See E.D. Cal. L.R. 110.

2              Reviewing the SAC in the most favorable light, plaintiff alleges that defendant

3    McDaniel, a City of Elk Grove police officer, stopped plaintiff's vehicle without probable cause

4    and approached plaintiff in a hostile and aggressive manner.  During the course of the traffic

5    stop, McDaniel allegedly pulled out the window of plaintiff's vehicle with his hands, interrupted

6    plaintiff's 911 call, pulled plaintiff out of her vehicle, and later forcefully yanked plaintiff to the

7    ground by her hair causing plaintiff to hit the ground face first.  Plaintiff's car was searched and

8    towed, and plaintiff was arrested.  Although McDaniel is alleged to be the primary actor, plaintiff

9    contends that two other officers, defendants Morrow and Benitez, later arrived at the scene and

10   were also involved in her detention and arrest.  Jeff Murray, the "Sergeant of Beat 2" and

11   supervisor of officers McDaniel, Morrow, and Benitez, was also allegedly on the scene and had

12   some interaction with plaintiff in the course of her arrest.  According to plaintiff, McDaniel filed

13   false charges against her and made various false statements in his report related to the incident,

14   which were corroborated by Morrow, Benitez, and Murray.  The charges were later dismissed.

15             For the limited purposes of screening, the SAC states colorable claims for relief

16   against defendants McDaniel, Morrow, Benitez, Murray, the Elk Grove Police Department, and

17   the City of Elk Grove for violation of plaintiff's Fourth Amendment rights (on false arrest and

18   excessive force grounds) in violation of 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1(b).  The

19   complaint also states colorable claims for battery,[2] intentional infliction of emotional distress,[3]

20   _____

21        [2] Although it appears that plaintiff has alleged sufficient facts to state a claim for battery
     against McDaniel, a battery claim cannot be stated under the California Penal Code, which does
22   not impose civil liability.  Instead, a civil battery claim arises under California common law.  The
     elements of a civil battery are as follows: "(1) defendant intentionally did an act that resulted in a
23   harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the
     contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff."  Garcia, 637 F.
24   Supp. 2d at 748.  When a defendant is a police officer, plaintiff must show that the officer used
     unreasonable force.  Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998).

25        [3] As discussed below, however, plaintiff's intentional infliction of emotional distress
     claim is barred in part by Cal. Gov't Code § 821.6 to the extent it is based on emotional distress
26   caused by the allegedly false statements and charges.  However, the SAC states a colorable claim

1   and negligence.

2         For the reasons stated below, the court finds that plaintiff's remaining causes of

3   action fail to state a claim upon which relief can be granted, and that the SAC does not state a

4   cognizable claim against defendants Robert Lehner, Elk Grove Police Department Bureau of

5   Professional Standards, Craig Potter, and Scott French.

6         The Civil Rights Act provides as follows:

7         Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

8         deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

9         law, suit in equity, or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17        As plaintiff was previously advised, supervisory personnel are generally not liable

18  under § 1983 for the actions of their employees under a theory of respondeat superior and,

19  therefore, when a named defendant holds a supervisorial position, the causal link between him

20  and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

21  F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

22  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

23  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

24  F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff's claims against Robert Lehner, Chief of Police,

25  

26  for intentional infliction of emotional distress based on the police conduct in the course of
plaintiff's arrest.

1  are frivolous because she has not shown that Lehner had any involvement with her detention and

2  arrest.

3          Plaintiff's claims against the Elk Grove Police Department Bureau of

4  Professional Standards and two of its investigators, Craig Potter and Scott French, should also be

5  dismissed.  Plaintiff reported the incident of her arrest to the Elk Grove Police Department

6  Bureau of Professional Standards and is greatly dissatisfied with how the investigation into

7  alleged police misconduct was handled.  That dissatisfaction, however, does not a constitutional

8  claim make.

9          Additionally, the SAC fails to state claims for violation of the Eighth Amendment

10  and the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.  "The Eighth

11  Amendment's prohibition of cruel and unusual punishments applies only after conviction and

12  sentence." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Here, plaintiff was

13  never convicted or sentenced.  To the extent plaintiff attempts to state a violation of the Due

14  Process Clause of the Fourteenth Amendment related to the detention and arrest, that claim is

15  improper.  All constitutional claims, including excessive force claims, resulting from an arrest,

16  investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth

17  Amendment rather than under a substantive due process approach.  Graham v. O'Connor, 490

18  U.S. 386, 395 (1989).

19          As to the conspiracy claim, plaintiff is further advised that [t]o state a claim for

20  conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the

21  existence of the claimed conspiracy." Olsen v. Idaho State Board of Medicine, 363 F.3d 916,

22  929 (9th Cir. 2004); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).  Currently, the

23  SAC is devoid of facts supporting an agreement among the named defendants to violate

24  plaintiff's Fourth Amendment rights.  Plaintiff should identify the persons with whom officer

25  McDaniel allegedly conspired, as well as facts supporting the existence of an agreement to

26  violate plaintiff's Fourth Amendment rights.

1    Plaintiff's claims under 18 U.S.C. § 1510 and the California Penal Code are also

2    improper, because these statutes do not impose civil liability.

3    With respect to plaintiff's state law tort claims, the defamation and abuse of

4    process claims are barred by Cal. Gov't Code § 821.6.  Section 821.6 provides that "[a] public

5    employee is not liable for injury caused by his instituting or prosecuting any judicial or

6    administrative proceeding within the scope of his employment, even if he acts maliciously and

7    without probable cause."  Section 821.6 immunity applies to both prosecutors and police officers.

8    Randle v. City & County of San Francisco, 186 Cal. App. 3d 449, 457-58 (1986).  Thus, because

9    these claims are based on the police officers' allegedly false charges and statements, they are

10   barred by Cal. Gov't Code § 821.6.  See Gillan v. City of Marino, 147 Cal. App. 4th 1033, 1048

11   (2007) (holding that immunity under Cal. Gov't Code § 821.6 is not limited to claims for

12   malicious prosecution, but also extends to other causes of action arising from conduct protected

13   under the statute, including defamation and intentional infliction of emotional distress); see also

14   Garcia v. City of Merced, 637 F. Supp. 2d 731, 751-52 (E.D. Cal. 2008) (involving application of

15   Cal. Gov't Code § 821.6 immunity to abuse of process claim).  To the extent plaintiff's

16   intentional infliction of emotional distress claim is based on emotional distress caused by the

17   allegedly false statements and charges, it is also barred.  However, to the extent her intentional

18   infliction of emotional distress claim is based on events during the arrest, that claim is not

19   precluded by Cal. Gov't Code § 821.6.  See Blankenhorn v. City of Orange, 485 F.3d 463, 488

20   (9th Cir. 2007).

21   Plaintiff's claim for fraud and intentional deceit also fails.  "The elements of

22   fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation,

23   concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud,

24   i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Small v. Fritz

25   Companies, Inc., 30 Cal. 4th 167, 173 (2003).  The problem with plaintiff's fraud claim is that

26   she cannot show that the alleged false statements were made to induce reliance by *plaintiff* or that

6

1    *plaintiff* justifiably relied on such statements to her detriment.  The allegedly false statements

2    were instead made to induce reliance by senior police officers and/or prosecutors.

3           In light of the above, the court concludes that defendants Lehner, Elk Grove

4    Police Department Bureau of Professional Standards, Craig Potter, and Scott French should be

5    dismissed from the action.  The court also finds that the third cause of action (violation of the

6    Eighth and Fourteenth Amendments); sixth cause of action (duty to investigate/reckless or

7    intentional failure to investigate); eighth cause of action (violation of Fourteenth Amendment);

8    tenth cause of action (defamation); eleventh cause of action (violation of 18 U.S.C. § 1510);

9    seventeenth cause of action (abuse of process); eighteenth cause of action (conspiracy); and

10   nineteenth cause of action (fraud and intentional deceit) should be dismissed.

11          However, plaintiff will be given 28 days from the date of service of this order to

12   amend her complaint to cure any deficiencies outlined above.  Plaintiff is not required to file a

13   third amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss

14   the above-mentioned defendants and causes of action with prejudice.  Upon filing an amended

15   complaint or expiration of the time allowed therefor, the court will make further orders for

16   service of process upon some or all of the defendants.

17          If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds

18   upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a).  Further, plaintiff must

19   demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal

20   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff is informed that

21   the court cannot refer to a prior pleading in order to make plaintiff's amended complaint

22   complete.  E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without

23   reference to any prior pleading.  This is because, as a general rule, an amended complaint

24   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

25   plaintiff files an amended complaint, the original pleading no longer serves any function in the

26   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

                                                    7

1  involvement of each defendant must be sufficiently alleged.

2        Furthermore, any third amended complaint shall not include allegations regarding

3  the acts of Paul Tassone and Bruce Smith, Sacramento County deputy sheriffs, which are

4  unrelated to the claims against the Elk Grove police officers involved in this action.

5        Finally, plaintiff alleges that she has exhausted government tort claim procedures

6  with respect to the state law tort claims prior to bringing this action.  Plaintiff is advised to attach

7  copies of any such written claims as an exhibit to any third amended complaint.

8        In accordance with the above, IT IS HEREBY ORDERED that:

9        1.  Plaintiff's claims against defendants Lehner, Elk Grove Police Department

10  Bureau of Professional Standards, Craig Potter, and Scott French are dismissed with leave to

11  amend.  Additionally, the third cause of action (violation of the Eighth and Fourteenth

12  Amendments); sixth cause of action (duty to investigate/reckless or intentional failure to

13  investigate); eighth cause of action (violation of Fourteenth Amendment); tenth cause of action

14  (defamation); eleventh cause of action (violation of 18 U.S.C. § 1510); seventeenth cause of

15  action (abuse of process); eighteenth cause of action (conspiracy); and nineteenth cause of action

16  (fraud and intentional deceit) are dismissed with leave to amend.

17        2.  Plaintiff is granted 28 days from the date of service of this order to amend her

18  complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file a third

19  amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal

20  of the above-mentioned defendants and causes of action.

21        3.  If plaintiff elects to amend, any third amended complaint shall bear the docket

22  number assigned to this case, shall be labeled "Third Amended Complaint," and shall not exceed

23  twenty (20) pages.  Plaintiff must file an original and two copies of the third amended complaint.

24  \\\\

25  \\\\

26  \\\\

1    4.  Upon filing an amended complaint or expiration of the time allowed therefor,

2    the court will make further orders for service of process upon some or all of the defendants.

3    Dated: October 13, 2011

4    _____
     CAROLYN K. DELANEY

5    UNITED STATES MAGISTRATE JUDGE

6

7

8    5

9    alston.678.ifp-lta3.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26