IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

        Plaintiff,                      No. CIV S-11-0678 KJM CKD PS

    vs.

CITY OF ELK GROVE, et al.,

        Defendants.             ORDER AND FINDINGS AND RECOMMENDATIONS

        /

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 6, 2011, plaintiff filed a motion to receive service of process through e-mail. (Dkt. No. 13.) That same day, plaintiff also filed a motion for a temporary restraining order and a preliminary injunction. (Dkt. No. 14.) After reviewing the papers in support of the motions, and for good cause appearing, the court FINDS AS FOLLOWS:

BACKGROUND

        In this action, plaintiff primarily asserts claims for constitutional violations under 42 U.S.C. § 1983 and for related state law torts. She alleges that defendant Lance McDaniel, a City of Elk Grove police officer, stopped plaintiff's vehicle without probable cause and approached plaintiff in a hostile and aggressive manner. During the course of the traffic stop,

McDaniel allegedly pulled out the window of plaintiff's vehicle with his hands, interrupted plaintiff's 911 call, pulled plaintiff out of her vehicle, and later forcefully yanked plaintiff to the ground by her hair causing plaintiff to hit the ground face first.  Plaintiff's car was searched and towed, and plaintiff was arrested.  Although McDaniel is alleged to be the primary actor, plaintiff contends that two other officers, defendants Chris Morrow and Jorge Benitez, later arrived at the scene and were also involved in her detention and arrest.  Jeff Murray, the supervisor of officers McDaniel, Morrow, and Benitez, was also allegedly on the scene and had some interaction with plaintiff in the course of her arrest.  According to plaintiff, McDaniel filed false charges against her and made various false statements in his report related to the incident, which were corroborated by Morrow, Benitez, and Murray.  The charges were later dismissed.

Subsequently, on March 11, 2011, plaintiff filed suit against McDaniel, Morrow, Benitez, Murray, Robert Lehner (the Chief of Police), Craig Potter and Scott French (investigators with the Elk Grove Police Department Bureau of Professional Standards), the Elk Grove Police Department Bureau of Professional Standards, the Elk Grove Police Department, and the City of Elk Grove.

On June 7, 2011, the court granted plaintiff's motion to proceed in forma pauperis and dismissed her complaint with leave to amend. (Dkt. No. 8.)  Most recently, on October 14, 2011, after screening plaintiff's second amended complaint, the court dismissed several defendants and several of plaintiffs' claims, granting plaintiff 28 days to amend her complaint and cure the deficiencies outlined in the order. (Dkt. No. 22.)  Because plaintiff's complaint is still in the screening stage, none of the defendants have been served with process.

DISCUSSION

<u>Motion to Receive Service of Process Through E-mail</u>

Plaintiff contends that she "has been displaced" and therefore "does not have an address in which to receive any service of process." (Dkt. No. 13.)  She also contends that she no longer has possession of her former post office box. (<u>Id</u>.)

2

1         In light of plaintiff's representations, she will be permitted to enroll in the court's electronic filing ("ECF") system on the condition that she personally appear at the Clerk's Office within fourteen (14) days of service of this order and provide: (1) a copy of this order; (2) proof of photo identification; and (3) a General Delivery address, which can be obtained from the U.S. Postal Service.  However, plaintiff is cautioned that access to ECF will be terminated if she makes unnecessary voluminous filings or otherwise abuses her access to ECF.

         The court also notes that a copy of the court's October 14, 2011 order (dkt. no. 22) granting plaintiff leave to amend her complaint was served on plaintiff via mail and returned as undeliverable, likely because plaintiff no longer has possession of her former post office box. Consequently, the Clerk will be directed to serve a copy of this order and the October 14, 2011 order on plaintiff via e-mail, and plaintiff will be allowed 28 days from the date of service of this order to amend her complaint, if she elects to do so, in accordance with the court's October 14, 2011 order.

<u>Motion for a Temporary Restraining Order and a Preliminary Injunction</u>

         The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).  A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 555 U.S. at 22, 129 S. Ct. at 376.

         In the instant motion, plaintiff seeks injunctive relief against various law enforcement agencies throughout the Sacramento area.  She describes several encounters with

1 law enforcement officers from different law enforcement agencies and police departments,
2 alleging illegal searches, detentions, arrests, and the use of excessive force.  Plaintiff states that
3 there is a "definite likelihood that she will be targeted again" and claims that she "is in
4 immediate danger and fears for her safety." (Dkt. No. 14, at p. 2.)

5 　　　　　As an initial matter, plaintiff's motion improperly requests injunctive relief
6 against several entities who are not even parties to this action, including the County of
7 Sacramento, the Sacramento County Sheriff Department, the City of Sacramento, and the City of
8 Sacramento Police Department.  The court's records reveal that, apart from the instant action,
9 plaintiff has filed actions against several different police departments in the broader Sacramento
10 metropolitan area.  See 2:11-cv-2077-KJM-GGH (involving Sacramento County, the El Dorado
11 County Sheriff Department, Amador County, Alpine County, and the California Department of
12 Fish and Game); 2:11-cv-2078-JAM-GGH (involving the Sacramento County Sheriff
13 Department);  2:11-cv-2079-JAM-EFB (involving the Sacramento City Police Department); and
14 2:11-cv-2281-GEB-GGH (involving the Sacramento County Sheriff Department).  Plaintiff
15 appears to be incorporating many of these claims and entities into the instant motion.

16 　　　　　Moreover, plaintiff fails to show that she is likely to suffer irreparable harm in the
17 absence of preliminary relief.  While plaintiff allegedly had several dissatisfactory experiences
18 with law enforcement officials, these encounters have been with different police officers and
19 different police departments.  Apart from plaintiff's general belief that she will be targeted again
20 for a search, detention, or arrest, there is no evidence that several police departments in the
21 Sacramento area are engaging in a coordinated effort to violate plaintiff's constitutional rights.
22 The injunctive relief requested is also overly broad and impermissibly vague.  For example,
23 plaintiff requests injunctive relief against "physical assault, harassment, bullying, and
24 infringement of civil rights" with respect to multiple law enforcement agencies. (Dkt. No. 14, at
25 p. 6.)
26 \\\\

Plaintiff has an adequate remedy at law, namely, her several actions under 42 U.S.C. § 1983, during which plaintiff will have an opportunity to have her claims against the various defendants adjudicated on the merits.  Presently, however, plaintiff fails to make a clear showing that she is entitled to the extraordinary remedy of a TRO or a preliminary injunction.

In accordance with the above, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motion to receive service of process via e-mail (dkt. no. 13) is granted under the following conditions.  Plaintiff will be permitted to enroll in the court's electronic filing ("ECF") system on the condition that she personally appear at the Clerk's Office within fourteen (14) days of service of this order and provide: (1) a copy of this order; (2) proof of photo identification; and (3) a General Delivery address, which can be obtained from the U.S. Postal Service.

2.  Upon plaintiff's compliance with these conditions, the Clerk shall enroll plaintiff in the ECF electronic filing system and **shall create a docket entry reflecting plaintiff's compliance and enrollment.**

3.  The Clerk shall immediately serve a copy of this order and the Court's October 14, 2011 order (dkt. no. 22) on plaintiff via e-mail at liberty.justice.iv.all@gmail.com.

4.  Plaintiff will be granted 28 days from the date of service of this order to amend her complaint, if she elects to do so, in accordance with the court's October 14, 2011 order.

IT IS ALSO HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and a preliminary injunction (dkt. no. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

////

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated: November 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
alston.678.tro.fr.wpd