IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON

Plaintiff, No. CIV S-11-0678 KJM CKD PS

vs.

CITY OF ELK GROVE et al.

Defendants. ORDER

_________________________________/

This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff is proceeding in this action pro se and in forma pauperis.

By order filed October 14, 2011, the court determined that, for the limited purposes of screening, plaintiff's second amended complaint ("SAC") stated a colorable claim against defendants McDaniel, Morrow, Benitez, Murray, the Elk Grove Police Department, and the City of Elk Grove for violation of plaintiff's Fourth Amendment rights (on false arrest and excessive force grounds) in violation of 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1(b). (Dkt. No. 22.) The court further determined that the SAC stated colorable claims for battery,[1]

[1] The court noted that although plaintiff apparently alleged sufficient facts to state a claim for battery against McDaniel, a battery claim cannot be stated under the California Penal Code,

intentional infliction of emotional distress,[2] and negligence. (Id.) However, the court found that plaintiff's remaining causes of action[3] fail to state a claim upon which relief can be granted, and that the SAC did not state a cognizable claim against defendants Lehner, Elk Grove Police Department Bureau of Professional Standards, Craig Potter, and Scott French. (Id.) The court granted plaintiff 28 days to file an amended complaint curing the deficiencies outlined in that order. (Id.) The court stated that plaintiff was not required to file a third amended complaint, but that failure to do so would be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice. (Id.) On November 15, 2011, due to complications with service of the October 14, 2011 order on plaintiff, the court granted plaintiff a further 28 days to amend her complaint. (Dkt. No. 23.)

On December 6, 2011, plaintiff filed a "Notice of Desire to Proceed Without Amending Complaint." (Dkt. No. 25.) In that notice, plaintiff stated that:

> The court ordered that Plaintiff's Complaint not exceed 20 pages meaning that Plaintiff would need to eliminate 14 pages from her current complaint. The court order dismissed 8 of Plaintiff's Causes of Action with room to amend. The 8 Causes of Action only covers approximately 2 pages if Plaintiff simply chose not to amend and eliminated the deficient Causes of Action all together.
>
> Plaintiff does not believe that she is skilled enough to edit the approved Causes of Action without the possibility of making them deficient also; therefore, Plaintiff chooses not to amend and would like to proceed as ordered by the court.

---

which does not impose civil liability. Instead, a civil battery claim arises under California common law.

[2] However, the court noted that plaintiff's intentional infliction of emotional distress claim is barred in part by Cal. Gov't Code § 821.6 to the extent it is based on emotional distress caused by the allegedly false statements and charges. However, the SAC states a colorable claim for intentional infliction of emotional distress based on the police conduct in the course of plaintiff's arrest.

[3] These causes of action include the third cause of action (violation of the Eighth and Fourteenth Amendments); sixth cause of action (duty to investigate/reckless or intentional failure to investigate); eighth cause of action (violation of Fourteenth Amendment); tenth cause of action (defamation); eleventh cause of action (violation of 18 U.S.C. § 1510); seventeenth cause of action (abuse of process); eighteenth cause of action (conspiracy); and nineteenth cause of action (fraud and intentional deceit).

(See Dkt. No. 25 at 2.) In light of plaintiff's consent, the court will dismiss the deficient causes of action and defendants Lehner, Elk Grove Police Department Bureau of Professional Standards, Craig Potter, and Scott French from the action with prejudice. Service of the SAC will be ordered with respect to the remaining defendants and causes of action.

The court also notes that, by order filed November 15, 2011, plaintiff was allowed fourteen (14) days to obtain a General Delivery address and enroll in the court's electronic filing ("ECF") system. (Dkt. No. 23.) Plaintiff's failure to do so is likely to lead to further problems with service of court documents, given that plaintiff's P.O. Box is no longer operative. Plaintiff is advised that the Local Rules require a pro se party to keep the court and opposing parties advised as to his or her current address. See E.D. Cal. L.R. 183(b).[4] If necessary, the current address may be a General Delivery address. Therefore, plaintiff will be directed to obtain a General Delivery address and enroll in the ECF system when she picks up her process documents from the Clerk of Court. Plaintiff is again cautioned that the privilege of access to ECF will be terminated if she makes unnecessary voluminous filings or otherwise abuses her ECF access.

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the second amended complaint is appropriate for defendants McDaniel, Morrow, Benitez, Murray, the Elk Grove Police Department, and the City of Elk Grove;

2. The Clerk of the Court is directed to issue forthwith all process pursuant to Fed. R. Civ. P. 4, as well as a copy of the undersigned's order setting a status conference;

3. The Clerk of the Court shall make the following documents available for plaintiff to pick up at its public counter: one USM-285 form for each defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this

[4] "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." E.D. Cal. L.R. 183(b).

court's order setting status conference. Plaintiff shall pick up those documents within seven (7) days from the date this order is filed.

4. Plaintiff shall enroll in the court's ECF system by personally appearing at the Clerk's Office within seven (7) days from the date this order is filed and providing: (1) a copy of this order; (2) proof of photo identification; and (3) a General Delivery address, which can be obtained from the U.S. Postal Service. Upon plaintiff's compliance with these conditions, the Clerk shall enroll plaintiff in the ECF system **and shall create a docket entry reflecting plaintiff's compliance and enrollment.**

5. Plaintiff is directed to provide to the United States Marshal, within 21 days from the date this order is filed, all information needed by the Marshal to effect service of process, and **shall file a statement with the court that said documents have been submitted to the United States Marshal**. The court anticipates that, to effect service, the U.S. Marshal will require at least:

a. One completed summons for each defendant;

b. One completed USM-285 form for each defendant;

c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

d. One copy of this court's status order and related documents for each defendant; and

e. One copy of the instant order for each defendant.

6. The United States Marshal is directed to serve within ninety (90) days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's order setting status conference, without prepayment of costs.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. Pursuant to plaintiff's consent (see dkt. no. 25), defendants Lehner, Elk Grove Police Department Bureau of Professional Standards, Craig Potter, and Scott French are dismissed from the action with prejudice. Additionally, with respect to the operative second amended complaint, the third cause of action (violation of the Eighth and Fourteenth Amendments); sixth cause of action (duty to investigate/reckless or intentional failure to investigate); eighth cause of action (violation of Fourteenth Amendment); tenth cause of action (defamation); eleventh cause of action (violation of 18 U.S.C. § 1510); seventeenth cause of action (abuse of process); eighteenth cause of action (conspiracy); and nineteenth cause of action (fraud and intentional deceit) are dismissed with prejudice. The sixteenth cause of action (intentional infliction of emotional distress) is dismissed with prejudice only to the extent that it is based on emotional distress caused by the allegedly false statements and charges.

9. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. The Clerk of the Court is further directed to serve a copy of this order on plaintiff via e-mail at liberty.justice.iv.all@gmail.com.

11. Failure to comply with this order may result in a recommendation that this action be dismissed with prejudice.

Dated: December 9, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
alston.678.serv.wpd