IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON

     Plaintiff,                    No. 2:11-cv-0678 KJM CKD PS

    vs.

CITY OF ELK GROVE et al.

     Defendants.          FINDINGS AND RECOMMENDATIONS

/

        This action, originally filed on March 11, 2011, was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff is proceeding in this action pro se and in forma pauperis.

        On December 12, 2011, the court issued an order setting status conference, which scheduled a status (pretrial scheduling) conference in this matter for May 9, 2012 at 10:00 a.m. in courtroom no. 26 before the undersigned. (Dkt. No. 29 at 2.) That same order directed the parties to file status reports no later than 14 days prior to the status conference. (Id.) Although plaintiff filed a status report on April 23, 2012 specifically referencing the May 9, 2012 conference (dkt. no. 38), plaintiff failed to appear at the conference.

        Consequently, the court issued an order on May 9, 2012 requiring plaintiff to show cause within 14 days why monetary sanctions (in particular, defendants' counsel's fees and

costs for appearing at the status conference for which plaintiff failed to appear) should not be imposed. (Dkt. No. 42.) Plaintiff was further cautioned that failure to respond to the order to show cause may result in the imposition of further and increasingly severe sanctions, including dismissal of the case. (Dkt. No. 42.) In turn, defendants' counsel was ordered to submit a declaration outlining all fees and costs reasonably incurred with respect to her appearance at the May 9, 2012 status conference, which defendants' counsel filed on May 15, 2012. (Dkt. Nos. 42, 46.)

Plaintiff failed to respond to this first order to show cause. Therefore, on May 24, 2012, the court ordered plaintiff to pay defendants' counsel sanctions in the amount of $160.00, defendants' counsel's fees associated with appearing at the May 9, 2012 status conference, which the court found reasonable. (Dkt. No. 49.) The court further noted that, given plaintiff's failure to appear at the status conference and her failure to comply with and respond to the court's orders, it appeared that plaintiff had abandoned prosecution of the case. (Dkt. No. 49.) As such, the court issued a second order to show cause, providing plaintiff with a final opportunity to explain within fourteen (14) days of that order why the case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute the case and comply with court orders. (Dkt. No. 49.)[1] Although the applicable fourteen (14) day period has now expired, plaintiff failed to file any response to the court's second order to show cause.

In light of plaintiff's failures, the undersigned will recommend that this action be dismissed with prejudice for failure to prosecute the action and for failure to comply with court orders. Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court and to comply with court orders. Here, defendants are prejudiced by the requirement of defending an essentially abandoned case. Additionally, this court is put in

---

[1] Because plaintiff was granted electronic filing privileges (dkt. no. 26), both the May 9, 2012 order to show cause and the May 24, 2012 order to show cause were served on plaintiff via e-mail and U.S. Mail.

2

the untenable position of expending limited judicial resources on a case in which plaintiff without explanation fails to appear at a court-ordered conference and respond to court orders. Furthermore, the court finds that less drastic sanctions are inappropriate, because as outlined above, the court has already imposed monetary sanctions without success.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction thus direct that the action should be dismissed.  Moreover, plaintiff has been provided with several opportunities to provide exculpatory reasons for her noncompliance and has failed to do so.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) based on plaintiff's failure to prosecute the action and failure to comply with court orders, and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
alston.678.fr.wpd